37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alonzo Terrance WHITE, Defendant-Appellant.
 No. 93-10749.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: HALL, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alonzo Terrance White appeals his conviction, which followed a conditional plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). White contends that a police officer tripped him, thus effecting an illegal detention. White argues that the district court's finding that White fell after colliding with the officer is clearly erroneous. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review de novo the denial of a motion to suppress evidence. United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993). We review the district court's findings of fact for clear error. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992). "Questions of credibility are for the [trier of fact] to decide and are generally immune from appellate review." United States v. Gordon, 844 F.2d 1397, 1405 (9th Cir.1988).
 
 
 4
 Stockton police arrested White shortly after he fell to the ground, jarring a gun free from his waistband. Undisputed testimony at the suppression hearing showed that Officers Naff and Votino were walking toward the mouth of a grassy alley between two buildings of an apartment complex shortly after midnight on December 18, 1992, when two men came running through the alley. Seconds later, as the officers were crossing the mouth of the alley, a third man, Alonzo Terrance White, came running through. According to Naff's testimony, he had not even seen White when White grazed him and went sprawling. White testified that he had not seen Naff when he felt Naff trip him. The district court found that the two collided, and denied White's suppression motion. Our careful review of the transcript reveals no clear error. See Negrete-Gonzales, 966 F.2d at 1282.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3